**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Kovacs,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sentinel Insurance Company Limited,<br><br>　　　　　Defendant. | No. CV-16-00964-PHX-DGC<br><br>**ORDER** |

On May 2, 2016, Plaintiff filed his amended complaint, asserting claims for (1) breach of contract, (2) bad faith, (3) breach of fiduciary duty, and (4) declaratory judgment. Doc. 14. Defendant moves to dismiss the second and third claims. Doc. 24. The motion has been fully briefed (Docs. 25, 29), and no party requests oral argument. For the reasons that follow, the Court will grant the motion.

**I.     Background.**

The allegations in the complaint are taken as true for purposes of this motion. Plaintiff is an individual who owns residential property in Phoenix. Doc. 14, ¶ 1. Defendant is an insurance company based in Connecticut. ¶ 23. Plaintiff took out an insurance policy with Defendant. ¶ 2. The policy provided coverage for wind, hail, and water damage to Plaintiff's home between July 29, 2013 and July 29, 2014. ¶ 3.

On or about July 26, 2014, Plaintiff's home suffered wind, hail, and water damage. ¶¶ 4-5. In December 2014, Plaintiff discovered this damage and notified Defendant. ¶ 6.

1  Defendant sent its employee, Jeremy Magid, to inspect the home. ¶¶ 10-11. Magid
2  conducted an investigation and prepared an estimate. ¶¶ 12-13. According to Plaintiff,
3  Magid conducted a substandard investigation and failed to account for the cost of
4  repairing the air conditioning unit and several other external structures. ¶ 14. In addition,
5  "Mr. Magid's substandard investigation failed to sufficiently account for a storm created
6  opening, caused by wind-lifted shingles, which allowed water to enter" the home. ¶ 15.

7  Because Magid underestimated the cost of repairing the home, Plaintiff was forced
8  to retain a third party company, Valscope, to provide an independent assessment. ¶ 16.
9  Valscope provided an estimate that was "much more" than that provided by Defendant.
10 ¶ 17. Plaintiff provided Defendant with a copy of Valscope's estimate and demanded
11 payment, but Defendant "ignored this demand." ¶ 18. Plaintiff paid out of pocket for the
12 repairs recommended by Valscope. ¶ 19.

13 **II.   Legal Standard.**

14 A successful Rule 12(b)(6) motion must show either that the complaint lacks a
15 cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri*
16 *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a
17 cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient
18 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
19 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.
20 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual
21 content that allows the court to draw the reasonable inference that the defendant is liable
22 for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility
23 standard is not akin to a 'probability requirement,' but it asks for more than a sheer
24 possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

25 **III.  Analysis.**
26     **A.   Bad Faith.**

27 Plaintiff alleges that Defendant's "obligation to pay Plaintiff's claim was not fairly
28 debatable after an adequate investigation"; Defendant "partially denied the claim without

a reasonable basis"; and Defendant "knew or recklessly disregarded the lack of reasonable basis for denying Plaintiff's claim." Doc. 14, ¶¶ 49-51. Plaintiff asserts that Defendant acted in bad faith. ¶ 52.

"To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981). The first part of this test looks to whether the insurer's action was objectively reasonable. If it was objectively reasonable, the insurer is not liable. *Trus Joist Corp. v. Safeco. Ins. Co.*, 735 P.2d 125, 134 (Ariz. Ct. App. 1986) ("Where an insurer acts reasonably, there can be no bad faith."). If the action was unreasonable, the question is "whether the insurer *knew* that its conduct was unreasonable or acted with such reckless disregard that such knowledge could be imputed to it." *Deese v. State Farm Mut. Auto. Ins. Co.*, 838 P.2d 1265, 1268 (Ariz. 1992) (emphasis in original). "Mere negligence or inadvertence is not sufficient – the insurer must intend the act or omission and must form that intent without reasonable or fairly debatable grounds." *Rawlings v. Apodaca*, 726 P.2d 565, 576 (Ariz. 1986).

Plaintiff has not alleged facts that allow the Court to draw the reasonable inference that Defendant is liable for bad faith. Plaintiff has provided no details regarding the nature or extent of the damages, why Magid's valuation was substandard, what amounts Defendant actually paid, or why those amounts were objectively unreasonable. Plaintiff has not attached his policy or provided any information about the terms of the policy, the policy limits, or the relevant exclusion. Thus, the Court cannot determine whether it was objectively unreasonable, or even a violation of policy, for Defendant to deny Plaintiff's demand. This deficiency is reason enough to dismiss the claim.

The complaint is similarly devoid of allegations that suggest Defendant acted in knowing or reckless disregard for Plaintiff's rights under the policy. Plaintiff alleges only that "Mr. Magid conducted a substandard investigation" and failed to account for certain damage to the property. Doc. 14, ¶¶ 14-15. This allegation is consistent with bad

faith, but it is also consistent with "[m]ere negligence or inadvertence." *Rawlings*, 726 P.2d at 576. Because Plaintiff's factual allegations are "merely consistent with [Defendant's] liability," his complaint is properly dismissed for failure to state a claim. *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted).

### B. Fiduciary Duty.

Plaintiff alleges that "[a]n insurance company has a quasi-fiduciary-type relationship with its insured"; such a relationship gives rise to duties of "equal consideration, fairness[,] and honesty"; and Defendant breached these duties, causing Plaintiff damage. Doc. 14, ¶¶ 55-58. Defendant moves to dismiss this claim, arguing that an insurer owes no fiduciary duties to an insured under Arizona law. Doc. 24 at 4.

Defendant is correct. It is true that "[t]he insurer has some duties of a fiduciary nature, including equal consideration, fairness[,] and honesty." *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 279 (Ariz. 2000) (quoting *Rawlings*, 726 P.2d at 570). These duties give rise to the tort of insurance bad faith. *Id.* at 280. Insurers owe no other fiduciary duties that could give rise to a claim in the absence of bad faith. *See Certain Underwriters at Lloyds, London v. Payson Premier, LLC*, No. 2 CA-CV 2008-0169, 2009 WL 1156705, at *3 (Ariz. Ct. App. Apr. 29, 2009) ("there is no true fiduciary relationship between insurer and insured"); *Chasan v. Farmers Grp., Inc.*, No. 1 CA-CV 07-0323, 2009 WL 3335341, at *12 (Ariz. Ct. App. Sept. 24, 2009) ("Under Arizona law, an insurer has a duty to treat the insured honestly and fairly, but does not owe a fiduciary duty to an insured."). Because Plaintiff can enforce his rights to equal consideration, fairness, and honesty in a bad faith claim, and Defendant owed him no other duties, Plaintiff's freestanding fiduciary duty claim fails as a matter of law.

### C. Leave to Amend.

"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). But "[a] district court may dismiss a complaint without leave to amend if amendment would be futile." *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744

- 4 -

F.3d 595, 600 (9th Cir. 2014) (citation and quotation marks omitted).

It is possible that Plaintiff can adequately plead a bad faith claim by alleging additional facts. The Court will therefore grant Plaintiff leave to amend this claim. Because Plaintiff's fiduciary duty claim fails as a matter of law, however, the Court will dismiss this claim with prejudice.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc 24) is **granted**.
2. Plaintiff may file an amended complaint re-pleading his bad faith claim by **July 29, 2016**.

Dated this 1st day of July, 2016.

David G. Campbell
United States District Judge